The greater weight of the medical evidence, and even the employee's Form 18, tends to show that only plaintiff's right leg, and not his left, suffered even temporary impairment and received treatment as a result of the compensable injury.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant-employer from 18 February 1991 to 22 March 1991.
3. There was no carrier on the risk at the time of plaintiff's alleged injury by accident.
4. Plaintiff's average weekly wage was $183.75.
5. Plaintiff was last employed by defendant-employer on 19 February 1991.
6. Plaintiff began working for defendant-employer on 18 February 1991; plaintiff's duties were that of a truck driver.
7. The parties stipulate that the plaintiff has not reached maximum medical improvement and that permanent partial disability is not before the Industrial Commission for determination.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff was born 8 December 1939. On 19 February 1991, plaintiff was employed by defendant-employer as a truck driver.
2. On 19 February 1991, while engaged in his normal work routine, plaintiff was moving a pallet load of soup with a pallet jack when his right ankle became jammed between two pallets.
3. On 19 February 1991, plaintiff did not sustain an injury to his left knee. To the extent that plaintiff testified to the contrary, the undersigned, based on the evaluation of the hearing Deputy, find plaintiff's testimony not credible, based on plaintiff's testimony and demeanor, and other credible evidence of record.
4. Following plaintiff's injury on 19 February 1991, plaintiff continued to work in the same type of work until February 1993, at which time Dr. Brenner performed arthroscopic surgery on plaintiff's left knee. Plaintiff has not worked since that date.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. On 19 February 1991, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of his compensable injury on 19 February 1991, plaintiff is entitled to payment of all medical expenses, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability; however, defendant is not responsible for the payment of medical expenses associated with treatment of plaintiff's left knee, as such expenses did not result from any injury by accident arising out of and in the course of plaintiff's employment with defendant-employer. G.S. § 97-2(6); G.S. § 97-25; G.S. § 97-2(19).
3. As a result of his compensable injury on 19 February 1991, plaintiff is entitled to no temporary total disability compensation. G.S. § 97-29.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay all medical expenses resulting from plaintiff's compensable injury on 19 February 1991, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief and will tend to lessen plaintiff's period of disability, when bills for the same shall have been submitted to and approved by the Industrial Commission; however, defendant is not responsible for the payment of medical expenses associated with the treatment of plaintiff's left knee, as such expenses did not result from an injury by accident arising out of and in the course of plaintiff's employment with defendant-employer.
2. Each party shall bear its own costs.
 S/ _____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ____________________ GEORGE T. GLENN, II DEPUTY COMMISSIONER
S/ ____________________ LORRIE L. DOLLAR DEPUTY COMMISSIONER
JRW/tmd 5/18/95